**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**ZACHERY STONE,**

                **Plaintiff,**

    **v.**

**NANCY A. BERRYHILL,  Acting
Commissioner of Social Security,**

                **Defendant.**

**1:16-cv-3563-WSD**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final

Report and Recommendation [17] ("Final R&R").  The Final R&R recommends

the Court affirm the decision of the Commissioner of Social Security

("Commissioner") to deny Plaintiff Zachery Stone's ("Plaintiff") application for a

period of disability, disability insurance benefits, and supplemental security

income under the Social Security Act.  Plaintiff did not file objections to the Final

R&R.

## I.    BACKGROUND[1]

On November 5, 2012, Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability beginning on September 1, 2005.  (Transcript [9] ("Tr.") at 16, 198-208).  Plaintiff's claims were denied initially, and on reconsideration on July 31, 2013.  (Tr. 16, 107-08, 137-38).  Plaintiff appealed the denial to an Administrative Law Judge ("ALJ") and an administrative hearing was held on February 6, 2015.  (Tr. 28-77).  At the hearing, Plaintiff amended her alleged onset date to November 5, 2012, which was after the expiration of the date she was last insured, June 30, 2010.  (Tr. 16).  In effect, Plaintiff withdrew her request for a hearing with respect to her application for DIB under Title II of the Act, as amended.  (Id.).  The ALJ noted there was little treatment and no real evidence of a disabling impairment prior to the expiration of Plaintiff's insured status on November 5, 2012, and dismissed Plaintiff's request for hearing on DIB.  (Id.).

On June 10, 2015, the ALJ issued an unfavorable decision on Plaintiff's SSI claim finding that she was not disabled.  (Tr. 13-22).  On August 5, 2015, Plaintiff

---

[1]    The facts are taken from the Final R&R and the record.  The parties have not objected to any specific facts in the Final R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

filed a request for review of the ALJ's Decision. (Tr. 8-12). The Appeals Council denied Plaintiff's request for review on July 21, 2016. (Tr. 1-7). Plaintiff, having exhausted all administrative remedies, filed this action on September 22, 2016. ([3]).

A.    Facts and ALJ's Findings

Plaintiff, who was fifty-six to fifty-eight years old during the relevant period, alleges a disability due to arthritis and panic attacks. (Tr. 37, 198-208, 417). Plaintiff has an eleventh grade education and past relevant work as a cafeteria food service worker and kitchen helper. (Tr. 37, 67-68). Plaintiff last worked in 2005 and initially alleged she became disabled on September 1, 2005, due to arthritis and panic attacks. (Tr. 16, 198-208). According to the ALJ, Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2010. (Tr. 18). The ALJ found that Plaintiff has not engaged is substantial gainful activity since November 5, 2012. (Id.). The ALJ found further that there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. (Id.). Finally, the ALJ found that Plaintiff has not been under a disability, as defined in the Social Security Act, from November 5, 2012, through the date of its decision. (Tr. 22).

In so finding, the ALJ noted that at the hearing on February 6, 2015, Plaintiff presented with a one-prong cane. (Tr. 19). She testified that she could stand for one hour and walk two blocks, but would experience pain thereafter. (Id.). Plaintiff stated that she can stand or walk for two hours total and sit for a total of two hours or four hours "off and on." (Id.). She testified that she could lift two pounds with one or both arms, but to do so was painful. (Id.). Plaintiff further testified that she could not bend and can only reach down to her thighs while standing. (Id.). She alleged that pain affects her ability to focus. (Id.). Plaintiff also stated that she has problems with anxiety and depression. (Id.).

The ALJ also noted that Plaintiff did not provide any medical evidence to support her allegations of mental disability during the period at issue. (Id.). The ALJ observed that Plaintiff only takes Valerian, an herbal preparation, for her alleged mental health conditions and that the record reflects no mental health treatment or counseling even though Plaintiff has access to free or low cost healthcare through the Grady Health System. (Id.).

The ALJ gave "lesser weight" to the opinion of Anne Moore, PsyD, rendered at a January 19, 2013, consultative psychological evaluation. (Tr. 20). Dr. Moore concluded that Plaintiff's ability to interact appropriately with co-workers, supervisors, and the general public was "moderately compromised," and

her ability to sustain attention, persistence, and pack was moderately to markedly compromised as "she seemed to become preoccupied with internal distress and was unable to [deescalate]." (Id.). Dr. Moore noted that Plaintiff was unaccompanied and took public transportation to the appointment, had full orientation and knew the interviewer's purpose, and had average short-term memory. The ALJ gave lesser weight to Dr. Moore's opinions because they appeared to endorse Plaintiff's subjective recitation of her alleged mental health concerns and were "out of line with and unsupported by the remainder of the objective medical evidence of record." (Id.).

The ALJ gave substantial weight to the opinion of Bobby A. Crocker, M.D., who reported that Plaintiff had a normal physical examination without evidence of any physical impairment. The ALJ also assessed treatment notes from Erica J. Han, M.D. at Grady Memorial Hospital, which reveal that Plaintiff exercises regularly, engaging in yoga and squats. The ALJ found Plaintiff's testimony less credible because no one prescribed her cane, and "there is no objective indicia that would support her allegations of pain and functional limitation." (Tr. 20). The ALJ further noted that there is no credible treating physician of record. The ALJ concluded that there are no medical signs or laboratory findings to substantiate the

existence of a medically determinable impairment and Plaintiff has not been under a disability as defined in the Social Security Act.

B.     Final R&R

Plaintiff contends that the Commissioner erred in finding that Plaintiff did not have any severe impairments.  ([14] at 7-15).  Plaintiff argues that the Commissioner failed to proceed to step three of the five-part analysis after finding Plaintiff has no medically severe impairments.  Further, Plaintiff relies on Dr. Han's finding that the motion in Plaintiff's right shoulder was severely limited due to pain.  In addition to her shoulder, Plaintiff alleges severe impairments to her lungs and heart, chest and back pain, anxiety disorders, and affective disorders.  To support her allegation that she suffers from anxiety and depressive disorders, Plaintiff relies on the opinions of Dr. Moore, arguing that the ALJ erred in giving lesser weight to Dr. Moore's opinions.  In response, the Commissioner argues substantial evidence supports the ALJ's finding that Plaintiff did not have a medically determinable impairment.  ([15]).

On January 18, 2018, the Magistrate Judge issued her Final R&R.  The Magistrate Judge determined that the ALJ did not err by finding that Plaintiff did not have any medically determinable impairments because the ALJ's decision appears to be decided under the proper standards and supported by substantial

evidence.  The Magistrate Judge found that the ALJ properly discounted Plaintiff's credibility, properly discounted the opinions of Drs. Han and Moore, and properly relied on objective evidence in the record and the opinions of several psychological and medical examiners and consultants.  The Magistrate Judge recommended that the Court affirm the decision of the Commissioner and dismiss this action.  Plaintiff did not file any objections to the Final R&R and the Court reviews it for plain error.

## II.      DISCUSSION

### A.      Legal Standards

#### 1.      Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### 2.   Review of a Decision of the Commissioner of Social Security

A court must "review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

### 3.   Standard for Determining Disability

An individual is considered to be disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The impairments must result from anatomical, psychological, or physiological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work but cannot, considering age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy.  See 42 U.S.C. §§ 423(d)(2)-(3).

"The burden is primarily on the claimant to prove that [s]he is disabled, and therefore entitled to receive Social Security disability benefits."  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing 20 C.F.R. § 404.1512(a)).  To determine if an applicant suffers a disability under the Social Security Act, an ALJ performs a five-step evaluation.  See Id.; 20 C.F.R. §§ 404.1520, 416.920.  The five steps are:  (1) the claimant must prove that she is not engaged in substantial gainful activity; (2) the claimant must prove that she is suffering from a severe impairment or combination of impairments; (3) the Commissioner will determine if the claimant has shown that her impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if the claimant cannot prove the existence of a listed impairment, she must prove that her impairment prevents her from performing her past relevant work; (5) the Commissioner must consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides her past relevant work.  See Doughty, 245 F.3d at 1278; 20 C.F.R. §§ 404.1520, 416.920. If, at any step of the sequence, the claimant can be found disabled or not disabled,

the sequential evaluation ceases and further inquiry ends.  See 20 C.F.R.

§§ 404.1520(a), 416.920(a).

B.    Analysis

Plaintiff contends the ALJ erred in concluding that Plaintiff did not have a

medically determinable impairment.  The Magistrate found that "the ALJ properly

considered the entire record before finding there were no medical signs or

laboratory findings to substantiate the existence of a medically determinable

impairment."  (Final R&R at 10).  In order to be considered a medically

determinable impairment, an alleged condition or impairment must result from

anatomical, physiological, or psychological abnormalities that can be shown by

medically acceptable clinical and laboratory diagnostic techniques.  SSR 96-4p,

1996 WL 374187, at 1 (July 2, 1996).  Although the regulations provide that the

existence of a medically determinable impairment must be established by evidence

consisting of signs, symptoms, and laboratory findings, under no circumstances

may the existence of an impairment be established on the basis of reported

symptoms alone.  See 20 C.F.R. §§ 404.1529, 416.929.  No symptom or

combination of symptoms can be the basis for a finding of disability, no matter

how genuine the individual's complaints may appear to be, unless there are

medical signs and laboratory findings demonstrating the existence of a medically

determinable physical or mental impairment(s). SSR 96-4p, 1996 WL 374187, at 1.

Regarding Plaintiff's alleged mental impairments, the Magistrate Judge reviewed the ALJ's conclusion that "[b]ecause Plaintiff's conditions were either self-reported, based on her symptoms, or were not supported by medical signs or laboratory findings or the objective medical evidence, . . . Plaintiff failed to provide evidence of the existence of a medically determinable impairment." (Final R&R at 11). Regarding the opinion of Dr. Moore, on which Plaintiff relies, the Magistrate Judge found that "although Plaintiff relies on the opinion of a consultative examiner, Dr. Anne Moore, and two reviewing State agency consultants, to support her argument that her anxiety and affective disorder are severe mental, the ALJ properly considered and weighed the opinions and provided reasons why the opinions were discounted. Substantial evidence supports the ALJ's decision to do so." (Id. at 14). The Magistrate Judge concluded that "the ALJ provided substantial evidence to support her finding that Plaintiff does not have a medically determinable (mental) impairment." (Id. at 21).

Regarding Plaintiff's alleged physical impairments, the Magistrate Judge considered Plaintiff's contention that the ALJ erred by failing to find her right shoulder severely limited due to pain, and failed to properly consider the pain in

her chest, lower back, and hip, as well as lung and heart conditions.  (Id. at 22).

The Magistrate Judge found that "[c]ontrary to Plaintiff's contention, the ALJ

provided a number of reasons for discounting Plaintiffs allegations of disabling

pain and other severe physical impairments and substantial evidence supports the

ALJ's decision to do so."  (Id.).  The Magistrate Judge noted that the ALJ properly

relied on evidence of the evaluation of Dr. Crocker, who observed that Plaintiff

had a normal physical examination without evidence of any physical impairment.

(Final R&R at 23-24).  The Magistrate Judge further considered that evidence of

Plaintiff's exercise routine as noted by Dr. Han was inconsistent with Dr. Han's

opinion that Plaintiff's range of motion in her shoulder was limited.  The

Magistrate Judge found that the ALJ did not err in discounting Dr. Han's dire

opinion of Plaintiff's functional limitations as it was inconsistent with and

contradicted by the objective medical evidence, Dr. Han's own treatment notes,

Plaintiff's testimony, and the opinions of State Agency medical consultants.  (Id. at

27).  The Court finds no plain error in these findings and recommendation.  See

Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final

Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.


**SO ORDERED** this 8th day of February, 2018.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE